IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN STANCAVAGE, | No. 4:24-CV-01973 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| NORTHUMBERLAND COUNTY, PENNSYLVANIA, | |
| Defendant. | |

**MEMORANDUM OPINION**

**APRIL 21, 2025**

Kathleen Stancavage alleges that her procedural due process rights were violated when Northumberland County, Pennsylvania ("Northumberland County") denied her applications for a tax exemption program without providing her an opportunity to challenge those denials. While Northumberland County argues that the complaint must be dismissed, Stancavage sufficiently alleges both that Northumberland County was responsible for the denials, and that the processes provided for appealing the denials were effectively unavailable to her. Accordingly, the complaint adequately states a claim for relief.

**I.   BACKGROUND**

**A.   Procedural History**

In November 2024, Stancavage filed this 42 U.S.C. § 1983 complaint alleging that Northumberland County, through its Assessment Bureau (the "Bureau"),

violated her due process rights when it de facto denied her application for a tax exemption program without providing her an opportunity to appeal that decision.[1] Presently before the Court is Northumberland County's motion to dismiss the complaint.[2] Stancavage filed a brief in opposition and, although Northumberland County has not filed a reply brief, the time to so do has lapsed, rendering this matter ripe for disposition.[3] For the following reasons, the Court will deny Northumberland County's motion.

### B. Facts[4]

Stancavage is a military veteran who, since approximately 2017, has been deemed "100% permanently and totally disabled" by the United States Department of Veterans Affairs ("VA").[5] In 2021 and 2022, Stancavage applied for a special Property Tax Exemption Program (the "Program") that is available to disabled veterans who live in the Commonwealth of Pennsylvania and meet certain criteria related to military service, disability, property ownership, and financial need.[6]

---

[1] Doc. 1.
[2] Doc. 8.
[3] Doc. 10.
[4] As discussed below, for purposes of this motion, the Court accepts as true all allegations contained in the amended complaint. *See Fed. Trade Comm'n v. AbbVie Inc*, 976 F.3d 327, 351 (3d Cir. 2020) (in evaluating motion to dismiss court "must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief" (internal quotation marks omitted)).
[5] Doc. 1 ¶ 6; *see id.* at ¶ 5.
[6] *Id.* ¶ 7.

Stancavage submitted her applications ("Applications") in accordance with the relevant statutory requirements.[7]

The statute that created the Program sets forth a bifurcated process for evaluating an application; it requires that the Pennsylvania Department of Military and Veteran Affairs ("DMVA") determine whether an applicant satisfies the Program's financial needs requirement and, if so, the DMVA must then so certify to the assessment bureau for the relevant county.[8] The assessment bureau for its part must determine whether the applicant satisfies the other criteria for the Program and must then grant or deny the application.[9] In Stancavage's case, however, this process was not followed.[10]

Rather, the DMVA sent Stancavage letters in both 2021 and 2022 stating that it would recommend that her Applications be denied based on the erroneous conclusion that "Stancavage had not yet been rated as 100% permanently and totally disabled by the VA."[11] Those letters did not inform Stancavage of her hearing or appeal rights.[12] Moreover, despite its obligation to make a final determination regarding any Program application, the Bureau "took no further steps to adjudicate . . . Stancavage's applications."[13] Nor did the Bureau send Stancavage "any denial

---

[7] *Id.* ¶ 9.
[8] *Id.* ¶ 10.
[9] *Id.*
[10] *Id.* ¶ 11.
[11] *Id.* ¶ 12.
[12] *Id.*
[13] *Id.* ¶ 13.

letter or notice of appeal or hearing rights" pursuant to its "official practice, policy, and/or custom . . . of adopting DMVA's denial recommendations without sending any denial letters or notices of appeal or hearing rights to applicants."[14]

Having never received a denial to her Applications, in September 2024 Stancavage, through her attorney, requested authorization to belatedly appeal the putative denial of her Applications.[15] The Bureau refused, asserting that a local ordinance did not permit such an appeal.[16]

## II.   LAW

Under Federal Rule of Civil Procedure 12(b)(6), courts dismiss a complaint, in whole or in part, if the plaintiff fails to "state a claim upon which relief can be granted." Following the landmark decisions of *Bell Atlantic Corp. v. Twombly*[17] and *Ashcroft v. Iqbal*,[18] "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[19] The United States Court of Appeals for the Third Circuit has instructed that "[u]nder the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps": (1) "take note of the elements the plaintiff must plead to state a claim"; (2) "identify allegations

---

[14] *Id.* ¶ 14.
[15] *Id.* ¶ 16.
[16] *Id.* ¶ 19.
[17] 550 U.S. 544 (2007).
[18] 556 U.S. 662 (2009).
[19] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

that, because they are no more than conclusions, are not entitled to the assumption of truth"; and (3) "assume the[] veracity" of all "well-pleaded factual allegations" and then "determine whether they plausibly give rise to an entitlement to relief."[20]

## III. ANALYSIS

Northumberland County contends that Stancavage's complaint must be dismissed for two reasons.[21] First, it argues that the Bureau has no role in determining whether a Program application should be granted.[22] Second, Northumberland County asserts that Stancavage's due process claim fails because she did not exercise her right to appeal any denial of her Applications.[23] Stancavage in turn argues that Northumberland County did have final responsibility for approving or rejecting her Applications, and her failure to appeal any adverse decision was a direct result of the violation of her due process rights.[24]

"'Due process, unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances.'"[25] Rather, "'[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.'"[26] To state a viable procedural due

---

[20] *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations and citations omitted).
[21] Doc. 9.
[22] *Id.* at 2-4.
[23] *Id.* at 4-6.
[24] Doc. 10.
[25] *Nat'l Amusements Inc. v. Borough of Palmyra*, 716 F.3d 57, 62 (3d Cir. 2013) (quoting *Gilbert v. Homar*, 520 U.S. 924, 930 (1997) (bracket omitted)).
[26] *Id.* (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).

process claim, a plaintiff must "establish (1) that [she] was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty and property, and (2) that the procedures available to [her] did not provide due process of law."[27] The Supreme Court of the United States

> has established a three-factor balancing test to determine what process is constitutionally due:
>
> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest.[28]

Here, the complaint adequately alleges a violation of Stancavage's procedural due process rights. As an initial matter, both the allegations[29] and the relevant statute make clear that Northumberland County, through the Bureau, played a role in the denial of Stancavage's Applications. The implementing statute for the Program provides that the DMVA is to determine whether an applicant meets the financial needs requirement,[30] but the Bureau must "determine[]" whether the applicant meets the other Program requirements.[31] Consequently, Stancavage has adequately alleged that Northumberland County played a role in the denial of her Applications, and the statute bears out that it was responsible for the denial of those Applications.

---

[27] *Id.*
[28] *Id.* (quoting *Mathews,* 424 U.S. at 335).
[29] Doc. 1 ¶ 10.
[30] 51 Pa. Stat. and Cons. Stat. § 8904(2).
[31] *Id.* § 8903.

Turning to the question of whether Stancavage has sufficiently alleged the denial of her procedural due process rights, Northumberland County does not contest that Stancavage was deprived of a property interest that is protected by the Fourteenth Amendment.[32] The only dispute is whether the procedures available to Stancavage provided her with due process of law in light of the fact that she did not timely appeal the putative denial of her Applications.[33]

The United States Court of Appeals for the Third Circuit has made clear that a defendant "cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them."[34] Consequently, "[i]n order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate." As that language makes clear, "[w]hen access to procedure is absolutely blocked or there is evidence that the procedures are a sham, the plaintiff need not pursue them to state a due process claim."[35]

Stancavage's complaint adequately alleges that the processes that were generally available to others were unavailable to her. Although Stancavage received

---

[32] *See* Doc. 9.
[33] *Id.* at 4-6.
[34] *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000).
[35] *Id.* at 118. *See also Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 16 (1978) (finding that the plaintiff's procedural due process rights were violated because "[w]hether or not . . . a [hearing] procedure may be available to other [individuals], . . . it was not made available to" the plaintiff).

letters from the DMVA stating that they would recommend her Applications be denied based on her disability status,[36] Northumberland County "never sent . . . Stancavage any denial letter or notice of appeal or hearing rights."[37] This failure made it effectively impossible for Stancavage to pursue her appeal rights. Fundamentally, because Stancavage was never informed that her Applications had been denied, she did not know that she needed to, or could, appeal those denials. Because Stancavage did not know of the need to appeal the denials, Northumberland County effectively rendered the appeal process unavailable, and her procedural due process claim may proceed despite the fact that she failed to exhaust any generally available processes.

In sum, the Court concludes that Stancavage has adequately stated a claim for the denial of her procedural due process rights. Her allegations demonstrate that, although the available processes may be facially adequate, they were in fact unavailable to Stancavage. Accordingly, Northumberland County's motion to dismiss will be denied.

---

[36] Doc. 1 ¶ 12.
[37] *Id.* ¶ 14.

## IV. CONCLUSION

For the reasons stated herein, Northumberland County's motion to dismiss Stancavage's complaint is denied.

An appropriate Order follows.

                                                BY THE COURT:

                                                *s/ Matthew W. Brann*
                                                Matthew W. Brann
                                                Chief United States District Judge